UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

MARY ANN URCIUOLI, SUMMONS ISSUED COMPLAINT

Plaintiff,

-against-

CITY OF NEW YORK, ERIC SURAT, Individually,
PETER IEVOLO, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants,

------------------------------------------------------------------------X

CV 12 4088

Docket No.

Jury Trial Demanded

GLASSER, J.

GO. M.J

Plaintiff MARY ANN URCIUOLI, by her attorneys, Leventhal & Klein, LLP,
complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and
attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said
rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts
supplemental state law claims.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth
and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §
1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARY ANN URCIUOLI is a sixty-eight year old woman residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, ERIC SURAT, PETER IEVOLO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.    On May 28, 2011, at approximately 10:30 p.m., plaintiff Mary Ann Urciuoli was lawfully present inside her home located at 194 Virginia Avenue, first floor, Staten Island, New York, when the defendant officers arrived at the location.

13.    Ms. Urciuoli lives in the first floor apartment with her son, Samuel Urciuoli. Ms. Urciuoli's son owns the property and rents out the second floor of the building.

14.    Ms. Urciuoli suffers from palsy in her arms, as well as a heart condition.

15.    When the defendant officers rang the front doorbell, Ms. Urciuoli responded and requested that the officers proceed to a side entrance.

16.    Once at the side entrance, Ms. Urciuoli spoke to the officers through a closed storm door. Ms. Urciuoli learned that the officers were present at the location regarding a complaint by the upstairs tenant related to her eviction from the upstairs apartment.

17.    Ms. Urciuoli repeatedly informed the officers that she was not the owner or landlord of the property, that her son was the owner and landlord of the property, and that she had a copy of the deed in her home which she could provide the officers and which would prove that her son was the owner and landlord of the property.

18.    The officers told Ms. Urciuoli that they did not want to see the deed.

19.    The officers opened the side door to Ms. Urciuoli's home, without permission, authority, or an arrest warrant, and entered Ms. Urciuoli's home.

20.    The officers placed handcuffs on Ms. Urciuoli wrists. Ms. Urciuoli explained that she could not easily put her arms behind her back due to her palsy.

21.    With difficulty, the officers were able to handcuff Ms. Urciuoli and thereafter escorted her to a police vehicle, and transported her to the 120th police precinct stationhouse.

3

22.    At the precinct, the officers caused Ms. Urciuoli to sit in a chair handcuffed for approximately an hour and a half before removing her handcuffs and imprisoning her in a cell.

23.    The officers held Ms. Urciuoli overnight at the precinct, before transporting her to the Richmond County Criminal Courthouse and imprisoning her therein.

24.    At approximately 2:00 p.m., on May 29, 2011, the defendant officers released Ms. Urciuoli without charging her with any crimes or offenses.

25.    Defendants SURAT and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

26.    Defendant IEVOLO supervised defendants SURAT, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

27.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

28.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: warrantless entry into private homes; the investigation of incidents; the probable cause standard required to enter homes and/or arrest individuals, and that they engage in a custom or practice of falsification.

29.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to

4

violate the plaintiff's civil rights.

30.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

31.     As a result of the foregoing, plaintiff MARY ANN URCIUOLI sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff MARY ANN URCIUOLI of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

5

36.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

37.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (Unlawful Entry into the Home 42 U.S.C. § 1983)

39.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.    The defendants unlawfully entered plaintiff MARY ANN URCIUOLI's home without a warrant authorizing their entry.

41.    As a result plaintiff MARY ANN URCIUOLI's right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

42.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

6

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants arrested plaintiff MARY ANN URCIUOLI without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

45.     Defendants caused plaintiff MARY ANN URCIUOLI to be falsely arrested and unlawfully imprisoned.

46.     As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARY ANN URCIUOLI, whose constitutional rights were being violated in their presence by other officers.

49.     The defendants failed to intervene to prevent the unlawful conduct described herein.

50.     As a result of the foregoing, plaintiff MARY ANN URCIUOLI'S liberty was restricted for an extended period of time, she was put in fear of her safety, and she was

humiliated and subjected to handcuffing and other physical restraints.

51.     As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

54.     As a result of the foregoing, plaintiff MARY ANN URCIUOLI was deprived of her liberty and right to substantive due process, causing emotional and physical injuries.

55.     As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.     The supervisory defendants, including Ievolo, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in

8

failing to properly supervise and train their subordinate employees.

58.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

59.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

61.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals without probable cause; unlawfully entering a residence; the inadequate screening, hiring, retaining, training and supervising its employees; and engaging falsification; that were the moving force behind the violation of plaintiff MARY ANN URCIUOLI'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

62.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate

9

indifference to the safety, well-being and constitutional rights of plaintiff MARY ANN URCIUOLI.

63.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARY ANN URCIUOLI as alleged herein.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARY ANN URCIUOLI as alleged herein.

65.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MARY ANN URCIUOLI was unlawfully arrested and imprisoned.

66.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARY ANN URCIUOLI'S constitutional rights.

67.    All of the foregoing acts by defendants deprived plaintiff MARY ANN URCIUOLI of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from unlawful entry into her home;

    C.    To be free from false arrest/unlawful imprisonment; and

    D.    To be free from the failure to intervene.

68.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### Supplemental State Law Claims

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

71. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

72. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

73. Plaintiff has complied with all conditions precedent to maintaining the instant action.

74. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants arrested plaintiff MARY ANN URCIUOLI without probable cause.

11

77.    Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

78.    As a result of the aforementioned conduct, plaintiff MARY ANN URCIUOLI was unlawfully imprisoned in violation of the laws of the State of New York.

79.    As a result of the aforementioned conduct, plaintiff MARY ANN URCIUOLI suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

80.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

81.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI was placed in apprehension of imminent harmful and offensive bodily contact.

83.    As a result of defendant's conduct, plaintiff MARY ANN URCIUOLI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

84.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.    Defendants made offensive contact with plaintiff without privilege or consent.

87.    As a result of defendant's conduct, plaintiff MARY ANN URCIUOLI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

88.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

89.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

91.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

92.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

93.    The aforementioned conduct was intentional and for the sole purpose of causing

severe emotional distress to plaintiff MARY ANN URCIUOLI.

94.    As a result of the aforementioned conduct, plaintiff MARY ANN URCIUOLI suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

95.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

96.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MARY ANN URCIUOLI.

98.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

99.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

100.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff MARY ANN URCIUOLI.

102.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

105.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

15

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

108.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

109.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "108" with the same force and effect as if fully set forth herein.

110.    As a result of defendants' conduct, plaintiff MARY ANN URCIUOLI was deprived of her right to security against unreasonable searches, seizures, and interceptions.

111.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARY ANN URCIUOLI demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorney's fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       August 13, 2012

                    LEVENTHAL & KLEIN, LLP
                    Attorneys for Plaintiff MARY ANN URCIUOLI
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

                    By: _____
                        BRETT H. KLEIN (BK4744)