UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

MARY ANN URCIUOLI and SAMUEL A. URCIUOLI,

                                        Plaintiffs,

            -against-

CITY OF NEW YORK, ERIC SURAT, Individually,
PETER IEVOLO, Individually, JAYSON VALENTIN,
Individually, NICHOLAS CASTORO, Individually, ANDREW
DESIMONE, Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
 true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

12 CV 4088
(ILG) (MDG)

Jury Trial Demanded

Plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI, by their attorney,

Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

## Preliminary Statement

1.      Plaintiffs brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff Mary Ann

Urcioli also asserts supplemental state law claims.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARY ANN URCIUOLI is a sixty-eight year old woman residing in Staten Island, New York.

7.      Plaintiff SAMUEL A. URCIUOLI is a forty-eight year old man residing with his mother, plaintiff MARY ANN URCIUOLI, in Staten Island, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.      That at all times hereinafter mentioned, the individually named defendants, ERIC SURAT, PETER IEVOLO, JAYSON VALENTIN, NICHOLAS CASTORO, ANDREW DESIMONE and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On May 28, 2011, at approximately 10:30 p.m., plaintiff Mary Ann Urciuoli was lawfully present inside her home located at 194 Virginia Avenue, first floor, Staten Island, New York, when the defendant NYPD officers, including but not limited to defendants SURAT and VALENTIN, arrived at the location.

14.     Ms. Urciuoli resides in the first floor apartment with her son, Samuel Urciuoli, who owns the property and rents out the second floor of the building.

15.     Ms. Urciuoli suffers from palsy in her arms, as well as a heart condition.

16.     When the defendant officers rang the front doorbell, Ms. Urciuoli responded and requested that the officers proceed to a side entrance.

17.     Once at the side entrance, Ms. Urciuoli spoke to the officers through a closed storm door.  Ms. Urciuoli was advised that the officers were present at the location regarding a purported complaint by the upstairs tenant, related to the tenant's recent eviction from the upstairs apartment.  The tenant had not been in possession of the apartment for thirty days, and did not have a lease.

18.     Ms. Urciuoli repeatedly informed the officers that she was neither the owner nor the landlord of the property, that her son, who was not at the residence at that time, was the owner and landlord of the property, and that she had a copy of the deed in her home, which she was willing to provide to the officers, and which would prove that her son was the owner and

landlord of the property.  She also informed the officers that the tenant had resided at the premises for less than thirty days.

19.     The officers told Ms. Urciuoli that they did not want to see the deed, and otherwise ignored her and their obligation to investigate the readily available evidence confirming that no crime or violation had been committed.

20.     Defendants Surat and Valentin opened the side door to Ms. Urciuoli's home without permission, authority, or an arrest warrant, and illegally entered the home.

21.     Upon information and belief, Surat, assisted by Valentin, placed handcuffs on Ms. Urciuoli's wrists.  Ms. Urciuoli explained that she could not easily put her arms behind her back due to her palsy.

22.     Notwithstanding her physical ailment, the officers proceeded to rear handcuff Ms. Urciuoli and thereafter escorted her to a police vehicle.  She was taken to the 120th police precinct stationhouse in the St. George section of Staten Island.

23.     The defendant officers falsely arrested plaintiff MARY ANN URCIOLI for purportedly violating New York City Administrative Code §26-521.  This statute, entitled "Unlawful Eviction", provides in pertinent part that it "shall be unlawful for any person to evict or attempt to evict an occupant of a dwelling unit who has lawfully occupied the dwelling unit for thirty consecutive days or longer or who has entered into a lease with respect to such dwelling unit…"  Violation of said statute is an unclassified misdemeanor in New York, punishable by up to one year in jail.  Ms. Urcioli was not the landlord.  Even assuming, *arguendo,* that she was, there was no probable cause to arrest her or anyone else for unlawful eviction as the tenant was not in possession for thirty days and did not have a lease.

24.     At the precinct, the defendant officers, including but not limited to defendants

4

Surat and Valentin, nonetheless caused Ms. Urciuoli to sit in a chair handcuffed for approximately an hour and a half before removing her handcuffs and imprisoning her in a cell.

25.    The defendant officers, including but not limited to defendants Surat, Valentin, and Ievolo, caused Ms. Urciuoli to be held in jail overnight at the precinct, until she was transported to the Richmond County Criminal Courthouse pending an arraignment.

26.    On May 29, 2011 at approximately 2:00 p.m., Ms. Urciuoli was released from custody via the decision of the Richmond County District Attorney's Office ("RCDAO") to decline prosecution based on its conclusion, after speaking with the defendant SURAT, that no crime or violation was committed, including any purported violation of the Unlawful Eviction statute.  The RCDAO determined, *inter alia*, that there was no probable cause under the unlawful eviction statute as the tenant was not in possession of the dwelling unit at issue for more than thirty days.

27.    Defendants SURAT, VALENTIN, and JOHN and JANE DOE 1 through 10 either participated in and/or failed to intervene in the illegal conduct described herein.

28.    Defendant IEVOLO, who held the rank of Sergeant, supervised defendants SURAT, VALENTIN, and JOHN and JANE DOE 1 through 10, and approved of, authorized, oversaw, and otherwise participated in the false arrest of plaintiff MARY ANN URCIOLI by signing off on the false arrest when there was no objectively reasonable basis to do so.

29.    On May 29, 2011 at approximately 6:20 p.m., plaintiff SAMUEL A. URCIOLI was lawfully present at his home located at 194 Virginia Avenue, first floor, Staten Island, New York, when defendant officers, including but not limited to VALENTIN, who was involved in the false arrest of MARY ANN URCIOLI on May 29, 2011, and CASTORO, arrived at the residence.

30.     Defendants VALENTIN and CASTORO proceeded to place Mr. Urciuoli in handcuffs and thereafter escorted him to a police vehicle. He was taken to the 120th police precinct stationhouse located in the Saint George section of Staten Island, New York. Mr. Urciuoli was falsely charged with the same purported offense as his mother, to wit: Unlawful Eviction, pursuant to Administrative Code §26-521, notwithstanding that probable cause was lacking.

31.     On May 30, 2011 at approximately 12:45 p.m., Mr. Urciuoli was released from custody after the RCDAO again determined that no crime or violation was committed under the facts and circumstances known to the defendant officers and presented to the RCDAO by his arresting officers.

32.     Defendant DESIMONE, who held the rank of Sergeant, supervised defendants VALENTIN and CASTORO, and approved of, authorized, oversaw, and otherwise participated in the false arrest of plaintiff SAMUEL A. URCIOLI by signing off on the false arrest when there was no basis to do so.

33.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and based on a *de facto* custom or practice of falsification.

34.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: warrantless entry into private homes; the investigation of incidents; the proper execution of the unlawful eviction

statute; the probable cause standard required to enter homes and/or arrest individuals, and that they engage in a custom or practice of falsification.

35.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

36.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

37.     As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

38.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40.     All of the aforementioned acts deprived plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI of the rights, privileges and immunities guaranteed to citizens of the

United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

42.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.     As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry into the Home 42 U.S.C. § 1983)

45.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants SURAT and VALENTIN unlawfully entered plaintiffs' MARY ANN URCIUOLI's and SAMUEL A. URCIUOLI'S home on May 28, 2011 without a warrant authorizing their entry.

47.     As a result, plaintiffs' rights to be free from an unlawful entry into the home via the Fourth Amendment was violated.

48.     As a result of the foregoing, plaintiffs MARY ANN URCIOLI and SAMUEL A. URCIOLI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

49.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants SURAT, VALENTIN, and IEVOLO arrested plaintiff MARY ANN URCIUOLI, or otherwise caused her to be arrested, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

51.     Defendants VALENTIN, CASTORO, and DESIMONE arrested plaintiff SAMUEL A. URCIUOLI, or otherwise caused him to be arrested, without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

52.     Defendants caused plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI to be falsely arrested and unlawfully imprisoned.

53.     As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

54.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     The individually named defendants had an affirmative duty to intervene on behalf of plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI, whose constitutional rights were being violated in their presence by other officers.

56.     The defendants failed to intervene to prevent the unlawful conduct described herein.

57.     As a result of the foregoing, plaintiffs MARY ANN URCIUOLI'S and SAMUEL A. URCIUOLI'S liberty was restricted for an extended period of time, they was put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

58.     As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL URCIUOLI are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Right To Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

59.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     The defendant officers are investigating officials who fabricated evidence that was likely to influence a jury's decision.  Said information was forwarded to prosecutors, and plaintiffs suffered a deprivation of liberty as a result.

61.     As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL

A. URCIUOLI were deprived of their right to a fair trial/to be free from fabrication of evidence, causing emotional and physical injuries.

62.    As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

63.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    The supervisory defendants, including but not limited to IEVOLO and DESIMONE, personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

65.    As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

66.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

68.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting individuals without probable cause; unlawfully entering residences; the inadequate screening, hiring, retaining, training and supervising its employees; and engaging falsification; that were the moving force behind the violation of plaintiffs MARY ANN URCIUOLI'S and SAMUEL A. URCIUOLI'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

69.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI.

70.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI as alleged herein.

71.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI as alleged herein.

72.    As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI were unlawfully arrested and imprisoned.

73.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs MARY ANN URCIUOLI'S and SAMUEL A. URCIUOLI'S constitutional rights.

74.    All of the foregoing acts by defendants deprived plaintiffs  MARY ANN URCIUOLI and SAMUEL A. URCIUOLI of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from unlawful entry into her home;

      C.    To be free from false arrest/unlawful imprisonment; and

      D.    To be free from the failure to intervene.

75.    As a result of the foregoing, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**Supplemental State Law Claims On Behalf Of Plaintiff Maryann Urcioli**

76.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    Within ninety (90) days after the claim herein accrued, plaintiff MARY ANN URCIUOLI duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

78.    The CITY OF NEW YORK has wholly neglected or refused to make an

adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

79.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

80.     Plaintiff MARY ANN URCIOLI has complied with all conditions precedent to maintaining the instant action.

81.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

82.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

83.     Defendants SURAT, VALENTIN, and IEVOLO arrested plaintiff MARY ANN URCIUOLI, or otherwise caused her to be arrested, without probable cause.

84.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

85.     As a result of the aforementioned conduct, plaintiff MARY ANN URCIUOLI was unlawfully imprisoned in violation of the laws of the State of New York.

86.     As a result of the aforementioned conduct, plaintiffs MARY ANN URCIUOLI suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

87.     As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

88.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI was placed in apprehension of imminent harmful and offensive bodily contact by defendants SURAT and VALENTIN.

90.    As a result of said conduct, plaintiff MARY ANN URCIUOLI suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

91.    As a result of the foregoing, plaintiffs MARY ANN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

92.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.    Defendants SURAT and VALENTIN made offensive contact with plaintiff MARY ANN URCIUOLI without privilege or consent.

94.    As a result of said conduct, plaintiff MARY ANN URCIUOLI suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

95.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

96.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

98.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

99.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

100.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff MARY ANN URCIUOLI.

101.    As a result of the aforementioned conduct, plaintiff MARY ANN URCIUOLI suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

102.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

16

attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

103.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff MARY ANN URCIUOLI.

105.    Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

106.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

107.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrests of plaintiff MARY ANN URCIUOLI.

109.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to

17

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(<u>Negligence under the laws of the State of New York</u>)

110.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111.    Plaintiff MARY ANN URCIOLI'S injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112.    As a result of the foregoing, plaintiff MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(<u>*Respondeat Superior* liability under the laws of the State of New York</u>)

113.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they

engaged in the wrongful conduct described herein.

115.    As a result of the foregoing, plaintiffs MARY ANN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

116.    Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "115" with the same force and effect as if fully set forth herein.

117.    As a result of defendants' conduct, plaintiffs MARY ANN URCIUOLI was deprived of her right to security against unreasonable searches, seizures, and interceptions.

118.    As a result of the foregoing, plaintiffs MARY ANN URCIUOLI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

19

**WHEREFORE**, plaintiffs MARY ANN URCIUOLI and SAMUEL A. URCIUOLI demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorney's fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 19, 2014

                                    LEVENTHAL & KLEIN, LLP
                                    Attorneys for Plaintiff MARY ANN URCIUOLI
                                    45 Main Street, Suite 230
                                    Brooklyn, New York 11201
                                    (718) 722-4100

                                    By:     _____/s/_____
                                            BRETT H. KLEIN (BK4744)

20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARY ANN URCIUOLI and SAMUEL A. URCIUOLI,

                                    Plaintiffs,                    12 CV 4088
              -against-                                           (ILG) (MDG)


CITY OF NEW YORK, ERIC SURAT, Individually,
PETER IEVOLO, Individually, JAYSON VALENTIN,
Individually, NICHOLAS CASTORO, Individually, ANDREW
DESIMONE, Individually, and JOHN AND JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious, as the
 true names are presently unknown),
                                    Defendants.

--------------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100